Joseph Blaz SANCHEZ, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 98–288.

Supreme Court of Wyoming.

June 23, 1999.

Joseph Blaz Sanchez, Pro Se, Rawlins, WY., Representing Appellant.

Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Robin Sessions Cooley, Assistant Attorney General, Representing Appellee.

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN, and HILL, JJ.

HILL, Justice.

Appellant Joseph Blaz Sanchez appeals an order of the district court denying his motion to vacate an illegal sentence that was premised upon the portion of his original sentence which required a 30–day term in the Wyoming State Hospital prior to his transfer to the Wyoming State Penitentiary.

We affirm.

## ISSUE

Appellant's *pro se* brief does not contain a concise statement of the issue. However, the State has managed to succinctly state the relevant issue in this matter:

> Did the district court err in denying Appellant's motion to vacate [an] illegal sentence?

## BACKGROUND

In 1987, Appellant was convicted of first degree sexual assault and received an indeterminate sentence of not less than 25 nor more than 35 years in the Wyoming State Penitentiary. *See Sanchez v. State,* 751 P.2d 1300, 1303 (Wyo.1988). At Appellant's sentencing hearing on February 26, 1987, Appellant alluded to the fact that he had attempted to get psychiatric treatment in the past for his propensity to sexually assault women. His attorney then followed up with a plea for a sentence crafted to ensure that Appellant received the "guidance and the treatment and the counseling" he obviously needed. At the conclusion of that hearing, the trial judge sentenced Appellant to a term of years in the state penitentiary with the provision that, upon completion of his isolation period at the penitentiary, Appellant would be

> conveyed and delivered into the custody of the Superintendent of the Wyoming State Hospital at or near Evanston, Uinta County, Wyoming, . . . for an in-depth psychiatric evaluation and for treatment for any and all of such disorders and/or mental illnesses as you may be found to have and which incline you to assaultive behavior, if such treatment is determined by the said Superintendent to be possible, for so long (but not to exceed the maximum term of your confinement) as substantial progress is or can be made towards completely curing you . . . [.]

Appellant did not object at the hearing to the sentence imposed. Appellant subsequently spent approximately 47 days at the Wyoming State Hospital in 1987, whereupon he was transferred to the penitentiary to serve the remainder of his sentence.

On May 21, 1998, Appellant filed a Motion to Vacate an Illegal Sentence and for Complete Dismissal pursuant to W.R.Cr.P. 35(a). Appellant alleged that the sentencing court lacked the authority to require confinement at the Wyoming State Hospital as part of his sentence. The district court denied the motion on the grounds that any error in requiring Appellant to serve part of his sentence at the State Hospital was invited by Appellant's own actions, and, since Appellant had already completed his time at the State Hospital, the issue was otherwise moot. Appellant now appeals the denial of his motion.

## STANDARD OF REVIEW

■ The denial of a motion brought pursuant to W.R.Cr.P. 35 is reviewed for a determination of whether the district court has abused its discretion. *Cardenas v. State,* 925 P.2d 239, 240 (Wyo.1996) (citing *Ellett v. State,* 883 P.2d 940, 942 (Wyo.1994)). "An illegal sentence is one which exceeds statutory limits, imposes multiple terms of imprisonment for the same offense, or otherwise violates constitutions or the law." *Duran v. State,* 949 P.2d 885, 887 (Wyo.1997).

## DISCUSSION

The district court denied Appellant's motion on two grounds: invited error and mootness. The parties expend most of their energy attempting to either rebut or support the district court's decision that Appellant's own actions had invited any error which occurred by virtue of his 47–day incarceration in the State Hospital. Our review of the record in this matter, however, leads us to conclude that the district court's decision should be affirmed based on the doctrine of mootness.

■ A case is "moot" when the matter upon which a determination is sought presents no actual controversy or when a decision cannot have any practical effect. *Rocky Mt. Helicopters v. Air Freight,* 773 P.2d 911, 924–25 (Wyo.1989). The doctrine of mootness is applicable in the context of criminal proceedings and "we will not review a trial court's errors unless a criminal defendant's rights have been invaded and he has suffered an injury." *Lovato v. State,* 901 P.2d 408, 410–11 (Wyo.1995).

■ Our precedent makes it clear that unless a statutory provision expressly allows for confinement to the State Hospital, then the sentencing court does not have the jurisdiction to require such confinement as a part of the defendant's sentence. *Dean v. State,* 668 P.2d 639, 645–46 (Wyo.1983); *Polston v. State,* 685 P.2d 1, 10 (Wyo.1984). We agree with Appellant that the sentencing court did not possess jurisdiction to sentence him to

the State Hospital under the statutory provision authorizing punishment for his crime. *See* Wyo. Stat. Ann. § 6–2–306 (Michie 1997). However, Appellant completed that portion of his sentence over ten years ago, whereupon he was transferred to the state penitentiary to serve the remainder of his sentence. There is no question that the term of years Appellant received was within the statutorily permitted boundaries of Wyo. Stat. Ann. § 6–2–306 and is in all other respects a legal sentence. In other words, the issue complained of by Appellant no longer exists, and, pursuant to his sentencing order, will not occur again; hence, this matter is moot.[1]

Appellant attempts to blunt the effects of the doctrine of mootness by claiming that this issue is one that is capable of repetition and yet evading review, thus necessitating an examination of his claim on its merits. Considering that this Court has two precedents directly addressing the issue, both of which were decided prior to Appellant's conviction, we find little merit in his argument.

## CONCLUSION

The district court's decision denying Appellant's motion to correct an illegal sentence is affirmed on the grounds that this issue is moot. Appellant has already served his time in the State Hospital, and his sentence is legal in all other respects.

Affirmed.

---

1. Since we find that this matter is moot, we do not address that part of the district court's decision that Appellant invited error by requesting treatment at his sentencing hearing.