IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 20, 2014

**STATE OF TENNESSEE v. ADRIAN R. BROWN**

**Appeal from the Criminal Court for McMinn County**
**No. 95857, 95858, 95859, 95860     Carroll L. Ross, Judge**

_____

**No. E2014-00673-CCA-R3-CD - Filed October 29. 2014**

_____

The appellant, Adrian R. Brown, was convicted in 1995 of three counts of the sale of less than 0.5 grams of cocaine, a Class C felony, and one count of the sale of more than 0.5 grams of cocaine, a Class B felony. The appellant was given concurrent sentences of eight years' imprisonment for the Class B felony and six years' imprisonment for each Class C felony. The appellant entered the community corrections program, and he was recommended for a transfer to probation one year later. In October 2003, shortly before his eight-year sentence was set to expire, a violation of probation affidavit was completed. However, the petition for revocation of the appellant's probation was dismissed in 2005. The appellant now challenges his sentences as illegal, asserting that he did not receive the pretrial jail credits to which he was entitled. After a thorough review of the record, we conclude that the issue is moot, and accordingly, the trial court properly dismissed the appellant's motion to correct his sentence.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which CAMILLE R. MCMULLEN, J., and DAVID A. PATTERSON, SP.J., joined.

Adrian R. Brown, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany Faughn, Assistant Attorney General; Stephen Crump, District Attorney General; and Krista Oswalt, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTUAL AND PROCEDURAL HISTORY

On November 7, 2013, pursuant to Tennessee Rule of Criminal Procedure 36.1, the appellant filed a motion to correct an illegal sentence in the Criminal Court for McMinn County.[1]  The appellant attached copies of the judgment forms for the four sentences which he sought to attack.  The forms reflect that the appellant pled guilty on November 6, 1995, to three counts of the sale of less than 0.5 grams of cocaine and one count of the sale of more than 0.5 grams of cocaine.  The judgment forms show that the guilty plea was entered on November 6, 1995, that the trial judge signed the forms on November 9, 1995, and that the judgments were file-stamped December 4, 1995.[2]

The appellant attached a transcript of his plea colloquy.  The appellant and another man charged with drug crimes both pled guilty in court; in the appellant's case, the plea offered for the trial court's approval was for a sentence of eight years on the Class B felony and three years for each of the Class C felonies, all sentences to be run concurrently.  At the hearing, the appellant acknowledged having viewed video tapes of the drug transactions.  The trial court stated on the record, "I will accept the pleas in this case and adopt the agreements that you all have made."  Nevertheless, the appellant's judgment forms reflect that he was sentenced to six years' imprisonment for each of the Class C felonies.  Also attached to the motion was a copy of a page bearing the title "Register of Prisoners," which appears to show that the appellant was committed to a county jail on October 11, 1995, and was not discharged until February 14, 1996.[3]

The appellant included a progress/termination report from the community corrections

---

[1] This motion was refiled on March 11, 2014.  The second motion also includes as exhibits: the warrant for the violation of probation, a copy of the Register of Prisoners showing the appellant's release date, and a copy of two unpublished appellate opinions. It omits the post-sentencing report, including the community corrections termination report, attached to the original motion.

[2] The date of the file-stamp is barely legible.  We note that "the effective date for entry of a judgment or order of sentence is the date of its filing with the court clerk after being signed by the judge."  *State v. Stephens*, 264 S.W.3d 719, 729 (Tenn. Crim. App. Sept. 21, 2007).

[3] In the motion filed on November 7, 2013, this exhibit did not show the discharge date.

program which showed that he entered the program on January 12, 1996,[4] and participated for 365 days, during which he completed treatment, passed all drug tests, and was cooperative. The case officer recommended a transfer to probation.

Also attached to the motion was an affidavit of violation of probation dated October 21, 2003, which alleged that the appellant had been arrested on August 31, 2003, for possession of cocaine, marijuana, and drug paraphernalia. A warrant was issued. However, the warrant was dismissed by an order dated June 10, 2005, which recited that the appellant had "received a life sentence in the United States District Court for the Eastern District of Tennessee at Knoxville." The petition for revocation of the appellant's probation was likewise dismissed on the motion of the State on June 10, 2005. The appellant's brief acknowledges that "[o]n June 10, 2005, Judge Steve B[e]bb dismissed the violation of probation and the Movant's sentence ended."

After receiving his federal sentence, the appellant mounted challenges to his state convictions, which he believed were incorrectly used to enhance his federal sentence. *See Adrian R. Brown v. United States*, Nos. 3:06-cv-148, 3:04-cr-130, 2009 WL 2849776, at *4 (E.D. Tenn. Aug. 31, 2009) (noting that the appellant claimed he should not have been sentenced as a career criminal). He filed an unsuccessful post-conviction petition in March 2008, asserting that he had received the ineffective assistance of counsel when he was sentenced to eight years' imprisonment on his Class C felony offenses. *Adrian R. Brown v. State*, No. E2008-02129-CCA-R3-PC, 2009 WL 961569, at *1 (Tenn. Crim. App. Apr. 9, 2009). This petition was dismissed as untimely. *Id.* at *2. On April 1, 2013, the appellant filed a motion to correct his sentence under Tennessee Rule of Criminal Procedure 36, alleging that the original judgments should have been amended to reflect his subsequent placement on community corrections and that the January 1996 community corrections order was not file-stamped. *State v. Adrian R. Brown*, No. E2013-01199-CCA-R3-CD, 2013 WL 5744755, at *1 (Tenn. Crim. App. Oct. 21, 2013). This court questioned the sufficiency of the minute book entry regarding the community corrections order because the entry did not indicate the date the order was entered. *Id.* at *2. This court also noted that the trial court signed the order placing the appellant on community corrections more than thirty days after judgment was entered and that the record contained no petition for suspended sentence extending jurisdiction. *Id.* Nevertheless, this court concluded that the summary dismissal was appropriate given the incomplete state of the record and the fact that the sentences had long expired. *Id.*

After the appellant filed his current motions to correct an illegal sentence, the State

---

[4] The "Register of Prisoners" document notes that the discharge on February 14, 1996 was pursuant to "Court Order dated 1-12-96 from Criminal Court."

filed a response, urging the trial court to deny relief because the sentences had expired. The trial court dismissed the appellant's motions on March 26, 2014.

On appeal, the appellant asserts that: (1) his sentences are contrary to statute because he was not awarded pretrial jail credit; (2) his six-year sentences fall outside the statutory range because the failure to award pretrial jail credits resulted in a *de facto* sentence above six years, the statutory maximum for a Range I offender; (3) that Rule 11(c) of the Tennessee Rules of Criminal Procedure was violated when the court sentenced him to six years instead of the agreed-upon three years for the Class C felonies without giving him the opportunity to withdraw his pleas; and (4) that the six-year sentences are void because trial court failed to put enhancement factors on the record. He asserts that he is entitled to counsel and a hearing on his motion to correct an illegal sentence in order to determine whether he wants to withdraw his guilty plea. The State agrees that the appellant has made a colorable claim and is entitled to a hearing and counsel under Tennessee Rule of Criminal Procedure 36.1.

**ANALYSIS**

Tennessee Rule of Criminal Procedure 36.1 provides an avenue to seek correction of an illegal sentence:

> (a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

> (b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

> (c)(1) If the court determines that the sentence is not an illegal sentence, the court shall file an order denying the motion.

> (2) If the court determines that the sentence is an illegal

sentence, the court shall then determine whether the illegal sentence was entered pursuant to a plea agreement. If not, the court shall enter an amended uniform judgment document, see Tenn. Sup. Ct. R. 17, setting forth the correct sentence.

(3) If the illegal sentence was entered pursuant to a plea agreement, the court shall determine whether the illegal provision was a material component of the plea agreement. If so, the court shall give the defendant an opportunity to withdraw his or her plea. If the defendant chooses to withdraw his or her plea, the court shall file an order stating its finding that the illegal provision was a material component of the plea agreement, stating that the defendant withdraws his or her plea, and reinstating the original charge against the defendant. If the defendant does not withdraw his or her plea, the court shall enter an amended uniform judgment document setting forth the correct sentence.

(4) If the illegal sentence was entered pursuant to a plea agreement, and if the court finds that the illegal provision was not a material component of the plea agreement, then the court shall enter an amended uniform judgment document setting forth the correct sentence.

Tenn. R. Crim. P. 36.1. This Rule became effective on July 1, 2013. A sentence is not illegal when it is "statutorily available but ordinarily inapplicable to a given defendant"; rather, an illegal sentence is one that is "simply unavailable under the Sentencing Act." *Cantrell v. Easterling*, 346 S.W.3d 445, 454 (Tenn. 2011). Rule 36.1 also reflects long-standing caselaw that a conviction and sentence are ordinarily distinct and severable components of the judgment under attack. *Id.* However, if an illegal sentence was entered into pursuant to a plea bargain, the defendant may be entitled to withdraw his plea if the illegal portion of the sentence was a material condition of the agreement. *Id.*

The appellant here asserts that he was not properly awarded pretrial jail credit. Under Tennessee Code Annotated section 40-23-101(c),

The trial court shall, at the time the sentence is imposed and the defendant is committed to jail, the workhouse or the state penitentiary for imprisonment, render the judgment of the court so as to allow the defendant credit on the sentence for any

period of time for which the defendant was committed and held in the city jail or juvenile court detention prior to waiver of juvenile court jurisdiction, or county jail or workhouse, pending arraignment and trial. The defendant shall also receive credit on the sentence for the time served in the jail, workhouse or penitentiary subsequent to any conviction arising out of the original offense for which the defendant was tried.

T.C.A. § 40-23-101(c) (2010). This language makes the award of pretrial jail credit mandatory and not discretionary. *Tucker v. Morrow*, 335 S.W.3d 116, 123 (Tenn. Crim. App. 2009) (citing *Stubbs v. State*, 393 S.W.2d 150, 154 (1965)). "It is only when the time spent in jail or prison is due to or, as the statute says, 'arises out of' the offense for which the sentence against which the credit is claimed that such allowance becomes a matter of right." *Id.* (quoting *Trigg v. State*, 523 S.W.2d 375, 376 (Tenn. Crim. App. 1975)). Unauthorized sentences in direct contravention of an applicable statute are "*illegal* as opposed to merely erroneous." *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010). Accordingly, a judgment which does not award proper pretrial jail credits is contrary to statute and void. *Tucker*, 335 S.W.3d at 123. Such a judgment, being in direct contravention of an applicable statute, falls within the ambit of Tennessee Rule of Criminal Procedure 36.1. In order to establish that the trial court's action was contrary to statute, the appellant must show that (1) he was incarcerated "pending arraignment and trial" or "subsequent to any conviction" on the offense at issue, and (2) that the trial court failed to award the credit on the judgment. *Tucker*, 335 S.W.3d at 124.

Prior to the effective date of this Rule, filing a habeas corpus action was the proper avenue to obtain redress for a sentence which was illegal due to a failure to award pretrial jail credits. *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007); *Moody v. State*, 160 S.W.3d 512, 516 (Tenn. 2005). In order to succeed with such a petition, the petitioner was required to support the claim with documentation establishing the illegality of the sentence. *Summers*, 212 S.W.3d at 261. Habeas corpus relief from an illegal sentence was further limited by the strictures of the statutes governing habeas corpus, which require that the petitioner be "imprisoned or restrained of liberty." *Cantrell*, 346 S.W.3d at, 453; T.C.A. § 29-21-101(a)(2010). A petitioner is imprisoned when actually physically confined or detained and restrained of liberty when the judgment itself imposes a restraint on the petitioner's freedom of action or movement. *Summers*, 212 S.W.3d at 257.

However, "[h]abeas corpus relief does not lie to address a conviction after the sentence on the conviction has been fully served." *Id.* In *Hickman v. State*, the petitioner sought to challenge a ten-day sentence that he had already served. 153 S.W.3d 16, 24 (Tenn. 2004). As in the case at bar, the petitioner sought to challenge the sentence because the prior

conviction was used to enhance his sentence in federal court. *Id.* The Tennessee Supreme Court concluded that he was not restrained of liberty and consequently, he could not succeed with his habeas corpus petition. *Id.*; *see also Benson v. State*, 153 S.W.3d 27, 32 (Tenn. 2004) (concluding that sentences which petitioner claimed were illegally concurrent could not entitle him to relief because he was not restrained of liberty, as the sentences had expired).

Unlike the habeas corpus petition it replaced, Rule 36.1 has no mechanism for dismissing claims to correct an illegal sentence after the sentence has expired.[5] Instead, the Rule provides that redress from an illegal sentence may be sought "at any time." Tenn. R. Crim. P. 36.1(a). In the trial court, the State urged the court to deny relief because the sentences had long since expired. While the State, on appeal, concedes that the appellant is entitled to counsel and to a hearing, we are not bound by such a concession. *See State v. Mitchell*, 137 S.W.3d 630, 639 (Tenn. Crim. App. 2003).

In *Summers v. State*, the defendant filed a habeas corpus petition alleging that one of his sentences was void and illegal. 212 S.W.3d at 256. The State argued that any illegality was moot because the petitioner had served his sentence. *Id.* at 257. The Tennessee Supreme Court noted that the petitioner must be "restrained of liberty" under the statute. *Id.* Because the petitioner in *Summers* was serving multiple sentences, and it was still possible that he would be required to serve the challenged sentence, the court concluded that it would "decline to view any illegality in the [challenged] sentence as moot." *Id.* at 258.

Mootness is a doctrine regarding the justiciability of a controversy. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994). A case is justiciable when it involves "a genuine and existing controversy requiring the present adjudication of present

---

[5] Tennessee Rule of Criminal Procedure is also more lenient in that it only requires a claimant to state a colorable claim and does not require proof on the face of the record from supporting documents. *State v. Brandon Rollen*, No. W2012-01513-CCA-R3-CD, 2013 Tenn. Crim. App. LEXIS 785, at *11 (Tenn. Crim. App. Sept. 11, 2013); *George William Brady v. State*, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *6 (Tenn. Crim. App. Dec. 19, 2013) (noting that the Rule contains no provision for summary dismissal, even if the record establishes that the claim cannot be supported); *see State v. Mark Edward Greene*, No. M2013-02710-CCA-R3-CD, 2014 WL 3530960, at *3 (Tenn. Crim. App. July 16, 2014) (concluding that appellant's pretrial incarceration did not arise out of the offenses and that he therefore presented no colorable claim). This court has applied the definition of "colorable claim" in Tennessee Supreme Court Rule 28 § 2(H) to Rule 36.1. *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App. Aug. 13, 2014). Once the appellant states a colorable claim, the trial court must appoint counsel and hold a hearing unless the parties waive these requirements. *Id.*

rights." *Id.* "A moot case is one that has lost its character as a present, live controversy. The central question in a mootness inquiry is whether changes in the circumstances existing at the beginning of the litigation have forestalled the need for meaningful relief." *Id.* (citations omitted). When the case may no longer provide relief to the prevailing party, it is considered moot. *Id.* The direct appeal of a sentence which has been served it in its entirety, for instance, presents a moot question. *See State v. Phelps*, 329 S.W.3d 436, 451 (Tenn. 2010); *State ex rel. Lewis v. State*, 347 S.W.2d 47, 48-49 (Tenn. 1961). This is so even when the action alleges that the State acted beyond its jurisdiction. *See Summers*, 212 S.W.3d at 258; *Lewis*, 347 S.W.2d at 47.

Other jurisdictions have concluded that a challenge to the legality of a sentence becomes moot once the sentence has been served. In *Barnes v. State*, the appellant asserted that his sentence, which had already been served, was illegal under Maryland Rule 4-345(a) permitting the modification of an illegal sentence "at any time." 423 Md. 75, 31 A.3d 203, 207 (Md. 2011). Because the court concluded that it could no longer fashion an effective remedy and that the sentence no longer existed for the court to revise, the case was dismissed as moot. *Id.* at 210-11 (noting, however, that the Rule merely permitted the modification of a sentence rather than an underlying conviction). Likewise, in *Sanchez v. State*, the appellant asserted that the portion of his sentence which ordered him confined to a hospital was illegal. 982 P.2d 149, 150-51 (Wyo. 1999). The court concluded that, as he had already served that portion of the sentence, "the issue complained of by Appellant no longer exists," and it dismissed based on mootness. *Id.* at 151. In Florida, courts have noted that the trial court may not set even an illegal sentence aside once it has been served to completion because controversy thereby becomes moot. *State v. Ortiz*, 79 So.3d 177, 179 (Fla. Dist. Ct. App. 2012) (citing *Maybin v. State*, 884 So.2d 1174, 1175 (Fla. Dist. Ct. App. 2004); *Sneed v. State*, 749 So.2d 545, 546 (Fla. Dist. Ct. App. 2000)); *but see People v. Thompson*, 22 Misc.3d 1121(A), 2009 WL 348370, at *4-5 (N.Y. Sup. Ct. Feb. 11, 2009) (allowing court to correct illegally lenient sentence that had been served).

The appellant here does not assert that his guilty pleas were coerced, involuntary, or otherwise invalid; he merely insists that his sentences were contrary to statute and void because he was deprived of pretrial jail credits.[6] The appellant acknowledges, however, that he has served his sentences and that "[o]n June 10, 2005, . . . the Movant's sentence ended." Accordingly, there is no "meaningful relief" this court can give. *McIntyre*, 884 S.W.2d at 137. Because the appellant's allegedly illegally lengthy sentences have been fully served, we conclude that there is no longer any remedy he can seek from the court to correct any

---

[6] We note that, aside from the question of mootness, the appellant's challenges not involving pretrial jail credits would at most render his convictions voidable, and not void, and thus are not within the ambit of Rule 36.1.

illegality in his sentences, and his controversy is moot.

## CONCLUSION

The appellant's sentences have been fully served, rendering his motion to correct any illegality in the failure to award pretrial jail credits moot, and we accordingly affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE