PER CURIAM.
The defendant, John Albert Palmer, was charged in a two count information with larceny of an automobile and taking and using personal property of another without consent. He entered a plea of guilty without benefit of counsel and was placed on probation for a period of seven years. On January 8, 1962, the trial cou.rt revoked defendant’s probation and sentenced him to a term of two years in state prison. Defendant filed a motion to vacate this judgment and sentence pursuant to Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, on October 22, 1963, and the trial court entered an order vacating the same on January 9, 1964, one day after defendant’s sentence had expired. The next day the defendant appeared with counsel and entered a plea of n.ot guilty to the first count. The state entered a nolle prosequi as to the other count. Subsequently, on April 6, 1964, the defendant appeared with counsel, withdrew his plea of not guilty, and entered a plea of guilty. The trial court sentenced defendant to a term of two years and six months. Defendant filed a motion to vacate this last sentence contending that the second sentence was invalid because, prior to the vacating of the first sentence, he had served that term in full. He E^ppeals from a denial of this motion to vacate.
Where a sentence still being served by a defendant is vacated on his motion, he cannot complain if he is later sentenced to punishment harsher than that originally imposed.[1] The rule is otherwise where the first sentence has been fully satisfied.[2]
“Where a judgment has been fully satisfied by the defendant, the trial court has no power to amend it by increasing the punishment after the term at which the judgment was rendered, or even during the same term. The ends of justice will not be served by permitting the state, after the sentence of the law has been discharged, to open the case for any purpose and least of all to insert an additional penalty. To permit this would be like punishing the delinquent the second time for the same offense. * * * ” The foregoing statement from 8 R.C.L., *627 Criminal Laws, § 247 has been expressly approved by the Supreme Court.[3]
We apply it here and reverse the order appealed with directions to vacate the second judgment and sentence and discharge the defendant from custody.
SMITH, C. J., and ANDREWS and WALDEN, JJ., concur.

. Murphy v. Commonwealth of Massachusetts, 1900, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711; Smith v. Brown, 1938, 135 Ela. 830, 185 So. 732 (vacation of original sentence on representation by defendant’s physician that defendant was suffering severe attack of pneumonia and that his life was in jeopardy unless he could be removed immediately to a hospital deemed for benefit of defendant and to meet with his approval and subsequent more severe sentence was affirmed); 21 Am.Jur.2d, Criminal Law, § 570 at note 12; Annot., 168 A.L.R. 706, 717 (1947). See also 24 C.J.S. Criminal Law § 1589. Cf. Michell v. State ex rel. Callahan, Fla. App.1963, 154 So.2d 701.

. “ * * * where a judgment has been fully satisfied by the defendant, the trial court has no power to amend it by increasing the punishment.” 21 AmJur. 2d, Criminal Law, § 570 at note 10. “ * * * no change may be made in a sentence after it has been fully executed.” Id. at note 11. “The satisfaction of the judgment deprives the court of any further jurisdiction of the ease. * * * ” 24 C.J.S. Criminal Law § 1559 at note 82.5. See also 24 C.J.S. Criminal Law § 1605 (2) c at note 39.10: “Generally an invalid sentence that has been served will not be set aside because the question has become moot * * ; § 1606 (6) a at note 81.1: “» * * where accused has already suffered the penalty pronounced in the judgment, the court is without power to vacate the judgment in coram nobis proceedings, except to set aside the judgment if void on its face as shown by the record.”; § 1606 (6) b at note 98.1: “* * * an application to set aside as void a judgment of conviction and pursuant sentence, which has been served, may not be considered by the court.”; § 1606(6) c(b) at note 38.1: “ * * * where accused has already served his sentence the court has no jurisdiction to entertain his motion.”

. Smith v. Brown, supra, 185 So. 732-733; Reynolds v. Cochran, Fla.1962, 138 So.2d 500, 504-505.