641 So.2d 126 (1994)
James Wilbur HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1325.
District Court of Appeal of Florida, First District.
June 20, 1994.
Rehearing Denied August 31, 1994.
*127 Nancy A. Daniels, Public Defender, and Kathleen Stover, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradley R. Bischoff, Asst. Atty. Gen., Dept. of Legal Affairs, Tallahassee, for appellee.
PER CURIAM.
This case is before us on appeal from the conviction of appellant James Wilbur Harris of possession of cocaine and possession of cocaine with intent to sell. Harris raises two issues: (1) whether the trial court erred in denying his motion to suppress, and (2) whether his convictions for possession of cocaine and possession of cocaine with intent to sell were improper. We affirm.
After observing suspicious activity consistent with the sale of crack cocaine, police officers approached Harris to investigate. Officer Ed Hudson asked Harris if he "had anything on him?" Harris replied that he had a knife. Hudson searched Harris and found the knife in his back pocket. Hudson then asked Harris if he had anything else on him, to which Harris failed to respond. Uncertain about Harris having another weapon, Hudson searched Harris again. In the course of this second pat-down, Hudson felt a bulge in Harris's front pocket, which he later testified "felt like plastic, a plastic baggie, the way it gave." Officer Hudson determined based on his knowledge and experience that the lump was crack cocaine contained in a plastic bag. Hudson then retrieved a baggie from Harris's pocket which contained crack cocaine.
Harris was arrested and charged by information with possession of cocaine under section 893.13(1)(f), Florida Statutes, possession of cocaine with intent to sell under section 893.13(1)(a), Florida Statutes, and possession of cocaine with intent to sell within 1,000 feet of a school. Harris filed a motion to suppress claiming that the cocaine seized was the result of an unlawful search. After a hearing, the trial court denied the motion. Harris then pled nolo contendere to the possession and the possession with intent to sell counts. In exchange, the State nolle prossed the remaining count and allowed Harris to reserve the right to appeal the denial of his motion to suppress. Harris was adjudicated guilty and sentenced to two concurrent prison terms of four years. Harris appealed.
As to the first issue, we find that Officer Hudson had a reasonable suspicion to stop and frisk Harris pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), codified section 901.151, Florida Statutes. We further find that pursuant to the Terry search, Hudson gained sufficient probable cause to seize the baggie containing the crack cocaine.
The United States Supreme Court, in the recent case of Minnesota v. Dickerson, ___ U.S. ___, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), held that a law enforcement officer may seize illegal contraband discovered during a Terry-type stop and search if the object's contour or mass makes the incriminating nature of the contraband immediately apparent. The search, however, must remain within the confines of Terry; specifically, the officer may not squeeze, slide, or otherwise manipulate the contents of the defendant's pocket.
In the instant case, Officer Hudson testified at the suppression hearing that he had been involved in approximately 100 pat-downs involving suspects possessing crack cocaine. He further testified that he knew how crack cocaine felt and was packaged. He specifically stated that in a majority of cases, crack cocaine is contained in plastic baggies and that such is the preferred method of packaging. The record indicates that upon patting down Harris, Hudson felt the bulge in his pocket, determined that it was a plastic baggie, and that the baggie contained a substance he believed was crack cocaine. There is no indication that Hudson squeezed or otherwise manipulated the contents of *128 Harris's pocket. We are simply not in a position on review to say that the officer did not feel the baggie containing crack cocaine. Therefore, we affirm the trial court's denial of the motion to suppress.
Harris also argues that it was improper under double jeopardy principles to be convicted and sentenced for possession of cocaine and possession of the same quantum of cocaine with intent to sell. We reject this argument based on the Florida Supreme Court's decision in Novaton v. State, 634 So.2d 607 (Fla. 1994). In Novaton, the court, relying upon United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), held that the general rule is that a plea of guilty precludes a later double jeopardy attack on the conviction and sentence. An exception occurs when (1) the plea is a general plea, distinguished from a plea bargain; (2) the double jeopardy violation is apparent from the record; and (3) there is nothing in the record to indicate a waiver of the double jeopardy violation. The defendant in Novaton was held to have waived his double jeopardy claim by entering a plea to certain charges in exchange for the State's waiver of habitual violent felony offender sentencing.
Here, the record indicates that Harris entered a no contest plea to possession of cocaine and possession with intent to sell, in exchange for the State's nolle prossing a third charge, possession with intent to sell within 1,000 feet of a school, under which the defendant could have received a 30-year sentence. Therefore, we affirm Harris's convictions and sentences.
BOOTH, BARFIELD and KAHN, JJ., concur.