662 So.2d 746 (1995)
Edward J. HUBBARD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1670.
District Court of Appeal of Florida, First District.
November 9, 1995.
Appellant pro se.
No appearance for Appellee.
PER CURIAM.
We reverse the trial court's denial of that portion of Edward Hubbard's Rule 3.850 motion alleging ineffective assistance of counsel. The trial court found the motion facially sufficient, but denied relief because the response filed by the state contained factual allegations which, if true, demonstrate that appellant is not entitled to relief. Neither the state's response nor the trial court's order denying appellant's motion, however, include the portion of the record cited by the state in support of those factual allegations. We must, therefore, reverse and remand to the trial court for attachment of record conclusively demonstrating that Mr. Hubbard is not entitled to relief, or for an evidentiary hearing on this issue. Fla.R.Crim.P. 3.850(d) (1995).
We reject appellant's second allegation of error. Appellant's convictions and sentences were the product of a plea bargain between appellant and the state. Such a negotiated sentence precludes appeal from or collateral challenge of (apart from the allegation of ineffective assistance of counsel discussed above) the convictions and sentences on double jeopardy grounds. Novaton v. State, 634 So.2d 607, 609 (Fla. 1994); Harris v. State, 641 So.2d 126, 128 (Fla. 1st DCA 1994), review denied, 651 So.2d 1194 (Fla. 1995).
WOLF, LAWRENCE, and BENTON, JJ., concur.