678 So.2d 925 (1996)
Glenn LONG, Appellant,
v.
STATE of Florida, Appellee.
No. 95-4515.
District Court of Appeal of Florida, First District.
September 4, 1996.
*926 No brief filed for Appellant.
No brief filed for Appellee.
MICKLE, Judge.
Appellant seeks review of an order denying his motion seeking post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Appellant pled no contest to two counts of sexual battery committed upon a child under the age of 16 years. He was sentenced respectively to consecutive terms of 15 years and 7 years. He raised four grounds in his 3.850 motion. We affirm the trial court's denial of relief as to grounds three and four. However, grounds one and two are facially sufficient, and we reverse and remand for record attachments conclusively refuting these claims, or for an evidentiary hearing.
As ground one, appellant asserts that his plea was unlawfully induced or involuntary in that it was not made with an understanding of the nature of the charges and the consequences of the plea. Specifically, appellant alleges that at the time he entered his plea he was taking anti-depressant medication that altered his ability to clearly understand the charges against him, that a mental evaluation conducted before entry of the plea revealed that he experienced blackouts on a regular basis and that he was tense, depressed, frightened, and suicidal and suffered from chronic post-traumatic stress disorder and alcohol dependence, that he could not assist counsel in providing a full account of his actions, and that he was not coherent at the time he entered his plea. In denying this claim for relief, the trial court ruled that the sentencing transcript demonstrated that appellant was aware of the consequences of his plea and that he had been found competent to proceed to trial by a doctor whose report was entered into evidence at the sentencing hearing. The attachments to the lower court's order consist of two pages of the plea colloquy wherein appellant stated that he understood that he was charged with two second-degree felonies punishable by up to 15 years, that he was giving up his right to a trial, that by entering a plea he was giving up certain matters that he might have been able to appeal, and that no one had promised him anything in return for his plea or threatened him to enter his plea. Also attached to the order is a page from what appears to be a medical report addressing appellant's competency to stand trial and containing an opinion that appellant was competent to stand trial. The complete plea colloquy is not attached, nor is the written plea agreement. The attached portions of the record do not directly refute the claim *927 that appellant was under medication at the time of the plea and/or that his mental condition rendered him unable to comprehend the nature and consequences of his plea. We must, therefore, remand for attachment of further portions of the record conclusively refuting this claim, or for an evidentiary hearing. See Savage v. State, 530 So.2d 1077 (Fla. 1st DCA 1988); Gunn v. State, 379 So.2d 431 (Fla. 2d DCA 1980).
As his second ground, appellant claims that his conviction was obtained in violation of the double jeopardy principles in that he was convicted of two counts of sexual battery arising from one criminal episode. Moreover, appellant asserts that there is no medical evidence that the victim was penetrated more than once and thus no support for the scoring of an additional 40 points for victim injury on the guidelines scoresheet. In denying this claim for relief, the trial court ruled that appellant had entered pleas to two separate counts and that the fact that two discrete acts occurred on the same day does not invoke application of the double jeopardy clause. As a general rule, a negotiated plea and sentence precludes an appeal of convictions and sentences on double jeopardy grounds. United States v. Broce, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); Hubbard v. State, 662 So.2d 746 (Fla. 1st DCA 1995). There is an exception to this general rule when (a) the plea is a general plea as distinguished from a plea bargain; (b) the double jeopardy violation is apparent from the record; and (c) there is nothing in the record to indicate a waiver of the double jeopardy violation. Novaton v. State, 634 So.2d 607 (Fla.1994); Melvin v. State, 645 So.2d 448 (Fla.1994); Harris v. State, 641 So.2d 126 (Fla. 1st DCA 1994). Herein, without the benefit of the written plea agreement or the entire plea colloquy, we cannot ascertain whether appellant waived any double jeopardy claim he may have had by entering into a bargained plea agreement. We must, therefore, remand for further attachment of portions of the record refuting this claim, or for an evidentiary hearing. Further, viewing this allegation as a claim that the trial court failed to determine a factual basis for the plea, we conclude that remand is also warranted, as none of the attachments refute this claim. Nor does the instant record conclusively refute appellant's assertion of improper scoring of victim injury points. As such, we reverse and remand the denial of this allegation as well.
Under grounds three and four, appellant raises two claims of ineffective assistance of counsel. First, he alleges that counsel was ineffective in allowing him to enter a plea while under the influence of medication. In denying this claim, the trial court attached two pages of the sentencing transcript. Although these pages were not included in the supplemental record, the denial of this claim may be affirmed on the basis that (1) appellant does not allege that he made defense counsel aware that he was under the influence of any medication; and (2) appellant failed to allege how the outcome of the proceeding would have been different but for the ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, appellant alleges that counsel was ineffective in failing to file an appeal. This claim was properly denied by the trial court on the basis that appellant failed to allege that he requested counsel to file an appeal. Battles v. State, 668 So.2d 333 (Fla. 1st DCA 1996); Gunn v. State, 612 So.2d 643 (Fla. 4th DCA 1993); Hudson v. State, 596 So.2d 1213 (Fla. 1st DCA 1992)(a defendant states a colorable claim of ineffective assistance with allegations that he made a timely request for an appeal and that counsel failed to honor it).
AFFIRMED in part, REVERSED in part and REMANDED.
MINER and ALLEN, JJ., concur.