771 So.2d 1258 (2000)
I.B., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-791.
District Court of Appeal of Florida, Fourth District.
November 15, 2000.
*1259 Richard L. Jorandby, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Marrett W. Hanna, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In this appeal the state properly concedes that the trial court erred in resentencing appellant to community control after his sentence had already been completed. See Sneed v. State, 749 So.2d 545 (Fla. 4th DCA 2000).
The state filed a petition for delinquency, charging appellant with possession of cocaine with intent to deliver. On February 22, 2000, appellant pled no contest. The court withheld adjudication of delinquency and, pursuant to the negotiated plea, warned appellant, "Don't do this again." The next day appellant was again before the court because a release order had not been entered. The appellant's mother was also present. She stated that she was not notified of the February 22 hearing and pleaded with the court not to release her son. She explained that he needed to be placed in a drug program. Over appellant's objection, the trial court sua sponte set aside the disposition order it had entered the previous day. The court again withheld adjudication on the drug charge, but modified the disposition and placed appellant on community control, with special conditions of drug treatment and family counseling.
As the state concedes, resentencing appellant after his sentence had already been served constituted a violation of the Double Jeopardy Clauses of both the Florida and United States Constitutions. Accordingly, we reverse and remand to the trial court with directions to vacate appellant's community control disposition and reinstate his original sentence.
REVERSED and REMANDED for proceedings consistent with this opinion.
POLEN, STEVENSON and TAYLOR, JJ., concur.