884 So.2d 1174 (2004)
Samuel MAYBIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-355.
District Court of Appeal of Florida, Second District.
November 3, 2004.
STRINGER, Judge.
Samuel Maybin appeals the summary denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand for the trial court to reinstate Maybin's sentence of time served and for the trial court to order Maybin's discharge from custody.
*1175 In 1991, Maybin was convicted of sale or delivery of cocaine and possession of a controlled substance. The trial court sentenced him as a habitual felony offender to twenty-five years in prison on the sale count and to five years in prison on the possession count. In 1996, Maybin filed a motion to mitigate sentence pursuant to what is now Florida Rule of Criminal Procedure 3.800(c), alleging a serious health issue. The trial court granted the motion and sentenced him to time served. The State did not seek review of this order. Maybin was released from the custody of the Department of Corrections.
In 1997, the State filed a motion to correct illegal sentence pursuant to rule 3.800(a), arguing that the trial court did not have jurisdiction to modify Maybin's sentence in 1996. The trial court granted this motion and resentenced Maybin to the original sentence of twenty-five years in prison on the sale of cocaine count. Maybin was recommitted to the custody of the Department of Corrections.
In his motion, Maybin argued that the trial court violated double jeopardy when it resentenced him to twenty-five years in prison in 1997. The trial court denied the motion as successive, concluding that Maybin raised this claim unsuccessfully several times before. However, Maybin's motion is not barred as successive because the trial court never addressed the merits of this particular claim. Therefore, the trial court erred in denying it as successive.
In 1996, the trial court lacked authority to mitigate Maybin's sentence because the motion to mitigate was untimely. See Wilhelm v. State, 543 So.2d 434 (Fla. 2d DCA 1989). However, the State failed to seek review of this order by filing a petition for writ of certiorari in this court. SeeState v. Williams, 780 So.2d 1031 (Fla. 1st DCA 2001); State v. Swett, 772 So.2d 48 (Fla. 5th DCA 2000). After the trial court mitigated his sentence, Maybin was released from prison. By the time the State filed the rule 3.800(a) motion and the trial court realized its mistake in modifying Maybin's sentence, Maybin's modified sentence of time served had already been served. Once a sentence has already been served, even if it is an illegal sentence or an invalid sentence, the trial court loses jurisdiction and violates the Double Jeopardy Clause by reasserting jurisdiction and resentencing the defendant to an increased sentence. Sneed v. State, 749 So.2d 545 (Fla. 4th DCA 2000).
Even though Maybin's modified sentence was invalid, he had already served it to completion, and the trial court could not set it aside because the question had become moot. See id. at 546. Therefore, the trial court's reimposition of the twenty-five year sentence four months later violated Maybin's right to protection against double jeopardy. See id. A sentence that violates double jeopardy may be corrected via a rule 3.800(a) motion when the error is apparent from the face of the record. See Hopping v. State, 708 So.2d 263 (Fla.1998). Accordingly, we reverse and remand for the trial court to reinstate the sentence of time served and to order the discharge of Maybin from the Department of Corrections' custody.
Reversed and remanded.
ALTENBERND, C.J., and WALLACE, J., Concur.