959 So.2d 1265 (2007)
Gregory D. CRITES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-2311.
District Court of Appeal of Florida, Fifth District.
July 6, 2007.
James S. Purdy, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, C.J.
Gregory Crites (defendant) appeals his judgments and sentences which were entered by the trial court after he pled nolo contendere to several drug and firearm charges. Concluding that a double jeopardy violation[1] occurred as a result of the imposition of convictions and sentences on both the possession of cannabis with intent to sell or deliver charge and the possession of more than 20 grams of cannabis charge, we strike the defendant's judgment and *1266 sentence on the offense of possession of more than 20 grams of cannabis.
The State filed an information charging the defendant with committing the crimes of possession of a firearm by a convicted felon, possession of more than 20 grams of cannabis, possession of cannabis with intent to sell or deliver with a weapon, possession of ecstasy, and possession of drug paraphernalia.
After the trial court denied the defendant's motion to suppress, the defendant entered pleas of nolo contendere to the charges. Defense counsel advised the court that the defendant would plead "to the bench." During the plea colloquy, the defendant admitted that there had been no agreement between the parties as to the sentence which would be imposed in his case and he acknowledged that no agreement had been reached between the parties regarding the possibility of imposing a mandatory minimum sentence. The defendant then entered his plea.
Soon after entering his plea, the defendant filed a motion to vacate his plea. The motion alleged that the defendant's plea was involuntarily entered because defense counsel had incorrectly advised the defendant that the trial court possessed discretion as to whether or not the court would impose a three-year mandatory minimum sentence on the firearm charge. The motion further alleged that the defendant would not have entered his plea had he known that the trial court was required to enter a three-year mandatory minimum sentence.
The trial court conducted a hearing on the defendant's motion to vacate his plea. A month after the first hearing, the trial court conducted a second hearing on the defendant's motion to vacate his plea. After receiving evidence from the defendant, the court reserved ruling.
The matter thereafter proceeded to a sentencing hearing. At the start of the hearing, the State advised the court that, in exchange for the defendant's agreement to abandon his motion to withdraw his plea, the State would stipulate that mandatory minimum sentencing did not apply in this case.[2] The trial court accepted the State's stipulation and then entered judgments in accordance with the defendant's previously-entered plea. The court also sentenced the defendant to a term of four years of imprisonment followed by four years of supervised probation on the firearm charge and, on the remaining counts, the court ordered concurrent terms of four years of imprisonment.
The defendant argues that, pursuant to the prohibition against double jeopardy, his convictions for possession of cannabis with the intent to sell (count III)[3], and possession of more than 20 grams of cannabis (count II)[4], cannot stand because they both arose out of a single incident of possession. We agree.
In Paccione v. State, 698 So.2d 252 (Fla. 1997), our supreme court held that, under principles of double jeopardy, a defendant cannot be convicted on the charge of possession of contraband with the intent to sell and the charge of simple possession of the same contraband where the contraband in question was found in different locations during one arrest because the crime of simple possession contains no element not found within the crime of possession with intent to sell. Accord C.L.C. v. State, 868 So.2d 685 (Fla. 5th DCA 2004). *1267 The same principle applies to the charges at issue in this case.
In its answer brief, the State argues that the defendant's double jeopardy claim has been waived for purposes of appellate review because it was not raised in the trial court. We disagree because a claim by a defendant that his convictions that arose from the same criminal episode violated the prohibition against double jeopardy raises a question of fundamental error that can be raised for first time on direct appeal. See Scarola v. State, 889 So.2d 108 (Fla. 5th DCA 2004).
The State also argues that this claim of error should be rejected as meritless because the defendant entered into a bargained-for plea deal and, as a result, he waived his right to raise a double jeopardy claim. Specifically, the State maintains that the defendant waived his right to raise any double jeopardy claim by accepting the State's offer to forego a mandatory minimum sentence on the firearm charge. We again disagree. The record establishes that the parties' joint stipulation regarding mandatory minimum sentencing was not entered during the defendant's plea hearing, but rather, the stipulation was entered post-plea, as a way to dispose of the defendant's motion to withdraw his plea.
The defendant's judgment and sentence on the offense of simple possession in count II is stricken. Judgments and sentences are otherwise affirmed.
Judgment and Sentence on Count II is STRICKEN; otherwise AFFIRMED.
SAWAYA and LAWSON, JJ., concur.
NOTES
[1] See U.S. Const. amend. V.; Fla. Const. art. 1, § 9.
[2] No party has appealed the issue of whether the State could properly so stipulate.
[3] See § 893.13(1)(a)2, Fla. Stat. (2005).
[4] See § 893.13(6)(a), Fla. Stat. (2005).