990 So.2d 12 (2008)
Jason Norman McFEE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-1874.
District Court of Appeal of Florida, Fifth District.
August 1, 2008.
*13 James S. Purdy, Public Defender, and Ailene S. Rogers, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Jason McFee was convicted and sentenced, following a jury trial, for trafficking in 28 grams or more of methamphetamine, trafficking in 10 grams or more of MDMA, possession of cocaine with intent to sell or deliver, possession of cannabis with intent to sell or deliver, possession of more than 20 grams of cannabis, trafficking in 28 grams or more of heroin, trafficking in 4 grams or more of hydrocodone, two counts of possession of a controlled substance (methadone and morphine), and possession of a firearm by a convicted felon. He challenges the denial of a motion to suppress and the conviction for possession of more than 20 grams of cannabis. We affirm in part and reverse in part.
Finding no error in the denial of the motion to suppress, we turn to McFee's argument that he cannot be convicted and sentenced for both possession with intent to sell or deliver and simple possession of the same cannabis. The State concedes, and we agree that convictions for possession with intent to sell or deliver cannabis and simple possession of the same cannabis violate double jeopardy. Crites v. State, 959 So.2d 1265, 1266 (Fla. 5th DCA 2007). Accordingly, we set aside the conviction for possession of cannabis (count 5) and affirm the conviction for possession with intent to sell or deliver cannabis (count 4). We otherwise affirm.
AFFIRMED in part, REVERSED in part.
PLEUS, LAWSON and COHEN, JJ., concur.