PER CURIAM.
 

 Melvee Wanel Tucker petitions this Court for issuance of a writ of habeas corpus, alleging that he is being incarcerated illegally in lower court case number F10-31496.
 

 Petitioner was arrested on November 2, 2010 for purchase of cocaine and possession of cocaine. Bond was set at $5000, which Petitioner posted the next day. On November 24, 2010, the State filed an information charging Petitioner with possession of cocaine.
 
 [1]
 
 At some point between the day of his pretrial release in this case and May 19, 2011, Petitioner was taken into custody for an outstanding detainer on a parole violation.
 
 [2]
 
 However, he was not taken into custody on the instant case.
 

 On May 19, 2011, Petitioner accepted a court-offered plea. Petitioner pled nolo contendere to the charge and the trial court withheld adjudication and placed Petitioner on one day of probation. A special condition of the probation was jail time equal to the amount of time he had already served in this case.
 
 [3]
 
 This meant, in effect,
 
 *38
 
 that his sentence was complete upon the court’s acceptance of the plea and entry of the judgment and sentence. Because Petitioner had already completed the incarceration which was a special condition of his probation, the trial court “terminated” Petitioner’s probation following acceptance of the plea. The court then discharged the $5000 bond Petitioner had previously posted.
 

 The court’s plea offer was made over the objection of the State. The sentence departed below the sentencing guidelines, and the trial court did not provide written reasons for the departure.
 
 See
 
 Fla.R.Crim. P. 3.701(d)(11) and
 
 Pope v. State,
 
 561 So.2d 554 (Fla.1990) (holding district court correctly reversed a departure sentence where the trial court failed to provide written reasons for the departure).
 

 At the time of the plea, the State indicated that it would appeal the sentence. However, the State did not appeal the sentence. Instead, on May 27, 2011, the trial court, over Petitioner’s objection,
 
 sua sponte
 
 vacated the judgment and sentence, and set the case for trial. The trial court indicated it was vacating the sentence because it was “illegal” and because the State had indicated it was going to appeal the sentence.
 

 The State concedes, and we agree, that the trial court did not have the authority to vacate a sentence which had already been served. Once Petitioner had completed his sentence, the trial court no longer had authority, over Petitioner’s objection, to vacate the judgment and sentence, even if it was illegal or invalid.
 
 Maybin v. State,
 
 884 So.2d 1174 (Fla. 2d DCA 2004). As our sister court explained in
 
 Maybin:
 
 “Once a sentence has already been served, even if it is an illegal sentence or an invalid sentence, the trial court loses jurisdiction and violates the Double Jeopardy Clause by reasserting jurisdiction and resentencing the defendant to an increased sentence.”
 
 Id.
 
 at 1175.
 
 See also, Johnson v. State,
 
 881 So.2d 706 (Fla. 3d DCA 2004). The proper procedure for the State to challenge a below-guidelines sentence imposed without written reasons is by way of an appeal.
 
 Gartrell v. State,
 
 626 So.2d 1364 (Fla.1993).
 

 We therefore grant the petition insofar as it seeks a reinstatement of the judgment and sentence imposed on May 19, 2011 in case number F10-31496, as that sentence was fully completed on the very day it was imposed. However, we deny the petition insofar as it seeks Petitioner’s release from custody. Although Petitioner is in custody, he has failed to provide any record support for his claim that he is currently in custody
 
 on this case.
 
 The State contends, with apparent accuracy, that Petitioner is not in custody on the instant case but rather is being held in custody on the detainer issued for his parole violation.
 

 As we are confident that the trial court will proceed in a manner consistent with this opinion, we withhold formal issuance of the writ.
 

 [1]
 

 . The purchase of cocaine charge was no-actioned.
 

 [2]
 

 . Petitioner was under community supervision stemming from a conviction for attempted murder in 1977.
 

 [3]
 

 . Generally speaking, a court cannot withhold an adjudication of guilt if the court is also imposing a term of incarceration.
 
 See
 
 Fla. R.Crim. P. 3.670;
 
 McClellan v. State,
 
 819 So.2d 946 (Fla. 2d DCA 2002). This is true even if the court is sentencing the defendant to time he has already served in jail prior to the plea.
 
 State
 
 v.
 
 Green,
 
 581 So.2d 1008 (Fla. 4th DCA 1991). However, the court can withhold adjudication, place a defendant on probation, and impose a period of incarceration as a special condition of that probation, so long as the period of incarceration is less than one year.
 
 Id.