ROTHENBERG, J.
 

 The State appeals the trial court’s order granting Pedro Ortiz’s (“the defendant”) motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a), and vacating the judgment and sentence entered on January 31, 1996, following the defendant’s negotiated plea. Because the defendant accepted the terms of the plea offered and has enjoyed the benefits of the bargain, the trial court erred in granting the requested relief. Accordingly, we reverse with instructions to reinstate the 1996 judgment.
 

 The facts are not in dispute. The defendant was charged with purchase of cannabis, a third degree felony, and unlawful possession of cannabis, a second degree misdemeanor. The defendant pled no contest to the charges in exchange for a withhold of adjudication and a suspended entry of sentence. A suspended sentence standing alone is however an illegal sentence.
 
 See Helton v. State,
 
 106 So.2d 79, 80 (Fla.1958) (holding that “the power to suspend the imposition of sentence upon a convicted criminal can be exercised by a trial judge only as an incident to probation”);
 
 State v. Galazz,
 
 2 So.3d 1083, 1084 (Fla. 3d DCA 2009);
 
 Sainz v. State,
 
 811 So.2d 683, 686-88 (Fla. 3d DCA 2002). On August 20, 2011, over fourteen and one-half years after accepting the plea and its benefits without objection, the defendant filed a rule 3.800(a) motion for postconviction relief seeking to vacate his plea.
 

 The law is clear that “where a sentence has already been served, even if it is an illegal sentence, the court lacks jurisdiction and would violate the Double Jeopardy Clause by resentencing the defendant to an increased sentence.”
 
 Sneed v. State,
 
 749 So.2d 545, 546 (Fla. 4th DCA 2000);
 
 see also Willingham v. State,
 
 833 So.2d 237, 238 (Fla. 4th DCA 2002);
 
 Palmer v. State,
 
 182 So.2d 625, 626-27 (Fla. 4th DCA 1966). Thus, the trial court may not correct the illegal suspended entry of sentence by imposing probation or community control after the defendant accepted and entered his plea, because to do so would violate the Double Jeopardy Clause by increasing the sentence imposed. However, this does not mean that, because the illegality of the sentence imposed cannot be corrected, the sentence must be vacated.
 

 Where a defendant has already served his sentence and he has reaped the benefit of an illegal sentence, he is es-topped from challenging the sentence, especially in the context of a negotiated plea.
 
 See Vause v. State,
 
 803 So.2d 799, 800 (Fla. 1st DCA 2002) (affirming the denial of the defendant’s motion to correct an illegal sentence pursuant to rule 3.800(a), finding that because the defendant accepted the benefits of the suspended sentence, he was estopped from challenging the impropriety of the sentence);
 
 Dupree v. State,
 
 708 So.2d 968, 971-72 (Fla. 1st DCA 1998)
 
 *179
 
 (holding that where one takes advantage of an invalid sentence and accepts its benefits, he is estopped to assert the invalidity of the sentence);
 
 Huff v. State,
 
 672 So.2d 634, 635 (Fla. 1st DCA 1996) (“[Although his original suspended sentence may have been improper ..., it is not reversible on this appeal because Appellant has already received the benefits of the improper sentence.”);
 
 Gaskins v. State.
 
 607 So.2d 475, 476 (Fla. 1st DCA 1992) (“Existing case law recognizes that once a defendant has enjoyed the benefits of probation without challenging the legality of [the] sentence, the defendant is thereafter precluded from complaining that the sentence is illegal in an appeal from an order revoking probation.”),
 
 disapproved on other grounds, State v. Powell,
 
 703 So.2d 444 (Fla.1997);
 
 Whitchard v. State,
 
 459 So.2d 439, 439 (Fla. 3d DCA 1984) (holding that a defendant may not accept and enjoy a probationary sentence and then challenge it as illegal after violating its terms);
 
 Rodriguez v. State,
 
 441 So.2d 1129, 1131 (Fla. 3d DCA 1983) (holding that because the defendant agreed to and benefitted from the sentence, he has waived his right to attack it).
 

 In the instant case, the defendant agreed to the illegal suspended sentence which did not include a term of probation, and he clearly benefitted from the improper sentence. Upon a conviction, he could have received a sentence of incarceration,
 
 [1]
 
 community control, probation, or a combination of these sentencing options. Instead, the defendant was not made to serve any time under any of these sentencing alternatives.
 

 This Court and others have upheld otherwise defective sentences when they were voluntarily accepted by the defendant as a part of a mutually advantageous agreement with the State.
 
 See, e.g., Novaton v. State,
 
 610 So.2d 726, 727 (Fla. 3d DCA 1992) (holding that “a defendant who enters into a negotiated plea and sentence bargain with the prosecution thereby waives an otherwise viable double jeopardy objection to sentences which form a part of the agreement”);
 
 Jacobs v. State,
 
 522 So.2d 540, 541 (Fla. 3d DCA 1988) (affirming the denial of a motion to correct an illegal sentence as a result of a negotiated plea);
 
 Preston v. State,
 
 411 So.2d 297, 298-99 (Fla. 3d DCA 1982) (holding that a defendant who should have been sentenced as a youthful offender but was placed on probation waived his right to question the legality of a probation he enjoyed and violated).
 
 [2]
 

 We also agree with the State that because the defendant had already served his sentence to completion, the trial court lacked the authority to set it aside because the question became moot.
 
 See Maybin v. State,
 
 884 So.2d 1174, 1175 (Fla. 2d DCA 2004) (holding that “[e]ven though May-bin’s modified sentence was invalid, he had already served it to completion, and the trial court could not set it aside because the question had become moot”);
 
 Sneed,
 
 749 So.2d at 546 (holding that once a sentence has been served, even if it is an
 
 *180
 
 illegal or an invalid sentence, the trial court loses jurisdiction).
 

 Reversed and remanded with instructions to reinstate the judgment.
 

 [1]
 

 . Count one carried a maximum sentence of five years' imprisonment; count two carried a maximum sentence of sixty days in the county jail.
 

 [2]
 

 . We note, however, that a waiver cannot be effective when the sentence in question is "void.”
 
 Rodriguez,
 
 441 So.2d at 1129;
 
 see e.g., Ruiz v. State,
 
 537 So.2d 682, 683 (Fla. 3d DCA 1989) (vacating sentence and remanding for further proceedings where sentence exceeds the statutory maximum and is therefore illegal);
 
 Solomon v. State,
 
 341 So.2d 537, 538 (Fla. 2d DCA 1977) (holding that order placing Solomon on "probation was void for lack of jurisdiction, and this is fundamental error even if not raised at the trial court”).