# Third District Court of Appeal

## State of Florida

Opinion filed April 29, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2535
Lower Tribunal No. 10-1742
_____

**Carlos Bertonatti,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Bronwyn C. Miller, Judge.

Carlos J. Martinez, Public Defender, and Manuel Alvarez, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jay E. Silver, Assistant Attorney General, for appellee.

Before LAGOA, SALTER and SCALES, JJ.

SALTER, J.

Carlos Bertonatti appeals from a conviction and sentence after entering an open plea of guilt under four counts of a five-count information: manslaughter while driving under the influence ("DUI") and the failure to render aid,[1] two counts of resisting a law enforcement officer without violence, and fleeing or attempting to elude a law enforcement officer.[2] Bertonatti maintains on appeal that the two charges of resisting a law enforcement officer without violence occurred during a single, ongoing criminal episode, such that they are barred by double jeopardy. We affirm, concluding that Bertonatti's plea colloquy and the record before the trial court contain insufficient facts to determine, in a *de novo* review for fundamental error, whether or not there was a sufficient temporal break or relocation between the two incidents of resisting without violence. Our affirmance is without prejudice to Bertonatti's right to raise this issue in a timely post-conviction motion.

Facts and Procedural Background

The charges arose from a tragic 2010 incident in which an automobile driven by Bertonatti struck and killed a bicyclist on the Bear Cut Bridge en route to Key Biscayne. The incident occurred shortly before 8:00 a.m. on a Sunday morning as Bertonatti was returning from a nightclub in downtown Miami.

[1] § 316.193(3)(c)3.b, Fla. Stat. (2010).

[2] Count four of the information, leaving the scene of a vehicle crash involving death, was abandoned by the State before the general guilty plea was entered.

After striking the victim, Bertonatti remained in his vehicle and fled, dragging the victim's bicycle for three miles under the grill of his car. When detained by police shortly after the collision, Bertonatti's breath smelled of alcohol. An officer noted that Bertonatti's face was flushed and his eyes were watery.

An officer from the DUI unit responded. The officer observed the same signs of intoxication, and Bertonatti failed a series of roadside field sobriety tests. At that point he was arrested. That officer then informed Bertonatti that the victim had died and that Bertonatti would be required to provide a blood sample. According to the arrest affidavit considered by the court as part of the plea colloquy, Bertonatti refused to believe that the victim had died. He accused the officer of lying to him.

Bertonatti did not comply with the officer's request "to stand and step out to my police vehicle," and had to be physically escorted to the vehicle. After being transported to the Key Biscayne Firehouse, Bertonatti was told by two additional officers that the victim had died, but Bertonatti refused to believe them as well. At that point, Bertonatti was taken into the fire station to provide the blood sample. Bertonatti refused again, and he physically resisted the officer's efforts to have his blood drawn. Ultimately, the officer and others strapped Bertonatti to a backboard and forcibly extended Bertonatti's arm to obtain the blood sample.[3]

<u>Analysis</u>

The question presented by Bertonatti's appeal is whether the two counts of resisting a law enforcement officer without violence are barred by double jeopardy. If so, the violation constitutes fundamental error and may be raised for the first time on appeal. <u>Corvo v. State</u>, 916 So. 2d 44, 46 (Fla. 3d DCA 2005). The State does not dispute that the plea was a general plea (rather than a negotiated plea) and there was no express waiver of the alleged double jeopardy. <u>Long v. State</u>, 678 So. 2d 925, 927 (Fla. 1st DCA 1996).

In the information, the two charges of resisting a law enforcement officer without violence are identical. The same law enforcement officer is identified in each of the two counts. What is unclear from this record, however—and it is unclear because Bertonatti did not raise or develop the issue below—is whether the resistance was continuous and ongoing (a single instance of obstruction of a single law enforcement officer),[4] or whether there were two instances separated in time and location. The question of whether two distinct criminal acts occurred, such that "double jeopardy is not a concern,"[5] is disputed in this case.

---

[3] The blood analysis ultimately disclosed a blood alcohol level substantially in excess of the statutory threshold for DUI.

[4] <u>See</u> <u>Beazley v. State</u>, 148 So. 3d 552 (Fla. 1st DCA 2014).

[5] <u>State v. Paul</u>, 934 So. 2d 1167, 1172 n.3 (Fla. 2006). The Supreme Court of Florida receded from <u>Paul</u> in part in <u>Valdes v. State</u>, 3 So. 3d 1067 (Fla. 2009), on grounds which are not pertinent to the present case.

4

The arrest affidavit was reviewed by the trial court and found to contain an independent and sufficient factual basis for the entry of the plea of guilt for both of the counts in question. As already noted, the arrest affidavit stated that Bertonatti refused a request to step over to an officer's vehicle and he had to be physically escorted to an officer's vehicle for transit to the fire station on Key Biscayne. While Bertonatti was seated in that vehicle, two other officers explained to him that the victim had died. The affidavit next stated that Bertonatti "was then transported to [the fire station]" where he was requested to provide a blood sample. (Emphasis provided). When Bertonatti refused that request, he was taken to a fire truck, strapped down to a backboard, and his arm was forcibly extended. The blood sample was drawn despite his resistance.

In describing the prospective plea to Bertonatti, the trial court confirmed that "[t]he way that it would work procedurally as the parties have agreed upon is you would be pleading guilty to relevant charges, which are not barred by double jeopardy and then the case would thereafter be set for sixty days for a sentencing hearing." On this record, then, we find the State's suggestion for an evidentiary resolution of the issue persuasive:

> The State respectfully suggests the instant direct appeal be denied without prejudice for [Bertonatti] to raise this issue in a rule 3.850 motion, where the State would have the opportunity at the trial court level, to develop the facts which may show possible breaks in time and location with greater clarity, as it had been deprived of that opportunity as this issue had not been raised below.

5

The convictions and sentences below are affirmed, without prejudice to Bertonatti's right to raise the double jeopardy issue in a timely post-conviction motion under Florida Rule of Criminal Procedure 3.850.