WALLIS, J.
Broadus Stallings (“Appellant”) appeals his- sentence for fleeing or attempting to elude. Appellant, argues, and the State properly concedes, that the trial court violated the prohibition against double jeopardy by. resentencing Appellant after he served the entirety of his prison term. We vacate Appellant’s sentence as to fleeing or attempting to elude.
The State charged Appellant with sale of - cocaine (Count I) and fleeing or attempting to elude (Count II). On October 8, 2008, after a jury trial, the trial court sentenced Appellant to five years’ incarceration followed by ten years’ probation as to Count I and ten years’ incarceration followed by five years’ probation 1 as to Count II. Count I was to run consecutively to Count II. On April 15, 2009, the trial court corrected its sentencing error, resen-tencing Appellant to nineteen months’ incarceration as to Count II, with no probation to follow. On January 8, 2014, the State charged Appellant with violation of probation. Appellant pleaded guilty, and the trial court resentenced Appellant to fourteen years’ incarceration as to Count I and fourteen years’ incarceration as to Count II, to run concurrently.
Appellant’s claim that the trial court “violated the prohibition against double jeopardy raises a question of fundamental error that can be raised for first time on direct appeal.” Grites v. State, 959 So.2d 1265, 1267 (Fla. 5th DCA 2007) (citing Scarola v. State, 889 So.2d 108 (Fla. 5th DCA 2004)). “Once a sentence has already been served, even if it is an illegal sentence or an invalid sentence, the trial court loses jurisdiction and violates the Double Jeopardy Clause by reasserting jurisdiction and resentencing the defendant to an increased sentence.” Maybin v. State, 884 So.2d 1174, 1175 (Fla. 2d DCA 2004) (citing Sneed v. State, 749 So.2d 545 (Fla. 4th DCA 2000)).
Here, the trial court resentenced Appellant .to fourteen years’ incarceration as to Count II, despite Appellant having served the entirety of his nineteen-month sentence. This violated the .prohibition against double jeopardy, and Appellant properly raised the issue for the first time on appeal. See Crites, 959 So.2d at 1267; Maybin, 884 So.2d at 1175. Accordingly, we vacate Appellant’s sentence as to Count II.
VACATED.
LAMBERT and EDWARDS, JJ., concur. . ..