IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

BILLY JOE FOWLER,

    Appellant,

v.

STATE OF FLORIDA,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-3223

Opinion filed September 13, 2017.

An appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

Andy Thomas, Public Defender, Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General; Daniel R. Krumbholz and Thomas H. Duffy, Assistant Attorneys General, Tallahassee, for Appellee.

JAY, J.

The issue presented is whether the trial court erred when, during a violation of probation hearing, it held as a matter of law that by its imposing a suspended

sentence in conjunction with modifying Appellant's probationary period, it lacked the discretion to also withhold adjudication of guilt. For the following reasons, we disagree and reverse.

On August 14, 2015, Billy Joe Fowler, Jr. ("Appellant"), entered a plea to child neglect without causing great bodily harm and was placed on probation for three years. By corrected order entered on September 18, 2015, the trial court directed that adjudication be withheld.

In January 2016, Appellant was charged with violating his probation. The trial court again ordered that adjudication be withheld when it modified Appellant's probation as a consequence of the violation.

In March 2016, Appellant violated his probation yet again. At the violation of probation hearing, he entered into a negotiated plea agreement whereby his probation was extended an additional thirty months and included the following conditions: electronic monitoring for six months, mandatory attendance at weekly Alcoholics Anonymous meetings, anger management classes, and "24 months DOC susp[ended]." At the hearing, Appellant asked the trial court for a third time to withhold adjudication of guilt. The judge ruled it could not impose a suspended sentence without adjudicating Appellant guilty, explaining: "I've sentenced him to prison and just suspend[ed] it. So I can't do that. It's not lawful."

2

Appellant pressed his case for a withhold of adjudication at the subsequent plea colloquy hearing, where his counsel pointed out that the court was not *imposing* a sentence, but rather, was placing Appellant on probation and *suspending* the sentence. Counsel asserted, "That is completely different than imposing a sentence." The trial court announced it had made its ruling and had "made it clear" that it "must adjudicate [Appellant] if the Court is to impose a suspended sentence." It determined that it "lack[ed] discretion to continue to withhold" while imposing a suspended sentence.

On appeal, Appellant challenges the notion that a suspended sentence is the equivalent of an actual prison sentence for purposes of adjudication of guilt. As Appellant rightly acknowledges, there are no cases directly on point, but analogous case law and relevant statutory directives guide us to conclude that the trial court did have the discretion to withhold adjudication even while imposing a suspended sentence under the present circumstances.

We begin our analysis with the general proposition that a probationary period "is not a 'sentence.'" *State v. Summers,* 642 So. 2d 742, 744 (Fla. 1994) (citing *Villery v. Fla. Parole & Prob. Comm'n,* 396 So. 2d 1107)); *see also Landeverde v. State,* 769 So. 2d 457, 462 (Fla. 4th DCA 2000). Furthermore, under the terms of section 948.01(2), Florida Statutes (2014), the trial court, "in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of

3

guilt. In either case, the court shall stay and withhold the imposition of sentence upon the defendant and shall place a felony defendant upon probation." The trial court also has the option provided in Section 948.012, Florida Statutes (2014), to impose a split sentence of probation or community control and imprisonment. As authorized by the legislature in section 948.012:

> (2) The court may also impose a split sentence whereby the defendant is sentenced to a term of probation which may be followed by a period of incarceration . . . as follows:
> (a) If the offender meets the terms and conditions of probation or community control, any term of incarceration may be modified by court order to eliminate the term of incarceration.

*See also State v. Powell,* 703 So. 2d 444 (Fla. 1997) (holding that "a trial court may impose a true split sentence in which the entire period of incarceration is suspended").

We read the language of the foregoing statutes as granting the trial court broad discretion in fashioning a term of probation when "the ends of justice and the welfare of society do not require that the defendant presently suffer the penalty imposed by law." § 948.01(2), Fla. Stat. (2014). Section 948.012(2)(a) authorizes the trial court to modify any term of incarceration "to eliminate" it altogether should "the offender meet[] the terms and conditions of probation . . . ." Logically, if the serving of a suspended sentence hinges on whether or not the defendant first successfully serves his or her term of probation, it is merely inchoate. That is to say, under those

4

circumstances, no sentence has yet to be imposed. Of course, under section 948.012(2)(a), the trial court still retains the discretion to impose sentence. But the statutory authority makes clear that only upon imposition of sentence or upon the revocation of the defendant's probation does the trial court lose its discretion to withhold adjudication of guilt. *See* § 948.06(2)(b) & (e), Fla. Stat. (2014); *State v. Countryman,* 132 So. 3d 922 (Fla. 1st DCA 2014); *State v. Curilly,* 126 So. 3d 1244 (Fla. 1st DCA 2013); *Tucker v. State,* 78 So. 3d 36 (Fla. 3d DCA 2012). In Appellant's case, the trial court did not revoke his probation.

We hold, therefore, that the trial court erred in believing it had no choice but to adjudicate Appellant guilty because it had imposed a conditional suspended sentence. Certainly, the trial court had the discretion to adjudicate Appellant guilty, as section 948.01(2) permits, but it was not required to do so under the particular circumstances of this case. Accordingly, we reverse and remand for further proceedings consistent with this opinion. On remand, the trial court may reconsider the issue of adjudication of guilt, but its choice to do so is governed by its discretion and is not mandated.

REVERSED and REMANDED.

WETHERELL and BILBREY, JJ., CONCUR.

5