# Third District Court of Appeal

## State of Florida

Opinion filed August 8, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-332
Lower Tribunal No. 13-11468E
_____

**The State of Florida,**
Appellant/Cross-Appellee,

vs.

**Chandra Jene-Charles,**
Appellee/Cross-Appellant.

An Appeal from the Circuit Court for Miami-Dade County, Nushin G. Sayfie, Judge.

Pamela Jo Bondi, Attorney General, and Jacob Addicott and Magaly Rodriguez, Assistant Attorneys General, for appellant/cross-appellee.

Eugene F. Zenobi, Criminal Conflict and Civil Regional Counsel, Third Region, and Kristen Kawass, Assistant Regional Counsel, for appellee/cross-appellant.

Before FERNANDEZ, LOGUE, and LUCK, JJ.

FERNANDEZ, J.

The State of Florida ("State") appeals the lower court's January 26, 2016 order granting a downward departure sentence and the lower court's withhold of adjudication without the requisite imposition of probation in this felony case. Chandra Jene-Charles ("Jene-Charles") cross-appeals her conviction and sentence on two conspiracy charges as a violation of double jeopardy. Without further discussion, we affirm the trial court's downward departure sentence finding no abuse of discretion and concluding that it is supported by competent substantial evidence. We reverse and remand the imposition of a withhold of adjudication for the reasons stated below. On cross-appeal, we affirm the trial court's conviction and sentence on the two conspiracy charges.

The State charged Jene-Charles, by Information filed on June 13, 2014, with eight counts, including Count 10 of the Information charging that on or between March 8, 2012 and November 21, 2012, Jene-Charles conspired to sell cannabis at a location in, on, or within 1,000 feet of a school; and Count 11 charging that on or between March 8, 2012 and November 21, 2012, Jene-Charles conspired to constructively possess a location with the knowledge that the location would be used for the sale of cannabis.

On December 17, 2015, the trial court accepted the guilty plea offered by Jene-Charles on all eight counts in the Information and withheld adjudication on

all counts, imposing a term of imprisonment with credit for all time previously served followed by a period of probation.

When a court, in its discretion, withholds adjudication, section 948.01(2), Florida Statutes (2016), provides that "the court shall stay and withhold the imposition of sentence upon the defendant and shall place a felony defendant upon probation." Further, Florida Rule of Criminal Procedure 3.670 provides, "where allowed by law, the judge may withhold an adjudication of guilt if the judge places the defendant on probation." "This is true even if the court is sentencing the defendant to time . . . already served in jail prior to the plea." Tucker v. State, 78 So. 3d 36, 37 n. 3 (Fla. 3d DCA 2012). Under appropriate circumstances, the court may "withhold adjudication, place a defendant on probation, and impose a period of incarceration as a special condition of that probation, so long as the period of incarceration is less than one year." Id. Although reversal is required because the current sentence structure constitutes an illegal sentence, the record reveals the lower court's clear and unequivocal sentencing goal to withhold adjudication, impose a term of probation, and sentence Jene-Charles to jail time already served as a special condition of probation. See, e.g., Gonzalez v. State, 194 So. 3d 380 (Fla. 3d DCA 2016). Thus, on remand, the court may withhold adjudication, place Jene-Charles on probation, a special condition of which will be credit for time

3

already served, and impose all other conditions of probation that were previously imposed.

On the cross-appeal, the lower court did not err in convicting and sentencing Jene-Charles on Count 11 of the Information. In <u>Bertonatti v. State</u>, 163 So. 3d 709 (Fla. 3d DCA 2015), the defendant, as in the case before us, pleaded open to the trial court to two counts of resisting an officer without violence, among other counts. The defendant in <u>Bertonatti</u> raised the double jeopardy claim for the first time on appeal. This Court explained that because the double jeopardy claim was not raised below, and the defendant pleaded guilty, the record was not clear as to whether the resisting was one continuous series of events or two separate acts. <u>Id.</u> at 70. Thus, because the record was unclear, we agreed with the State and affirmed the two convictions "without prejudice for the defendant to raise this issue in a rule 3.850 motion, where the state would have the opportunity at the trial court level, to develop the facts which may show possible breaks in time and location with greater clarity, as it had been deprived of that opportunity as this issue had not been raised below." <u>Id.</u>

Similarly, in the case before us, because the record in Jene-Charles' case is also unclear as to whether one conspiracy was completed or terminated before the other began, we affirm the convictions without prejudice to Jene-Charles to raise the issue in a rule 3.850 motion before the trial court, thus allowing the State the

4

opportunity it did not have below to present evidence that it was two separate conspiracies rather than one with two objects. This is consistent with case law that a double jeopardy violation has to be clear from the face of the record. Hawkins v. State, 138 So. 3d 1196, 1199 (Fla. 2d DCA 2014).

## **CONCLUSION**

For the foregoing reasons, we affirm the trial court's downward departure sentence finding no abuse of discretion and concluding that it is supported by competent substantial evidence. We reverse and remand the imposition of a withhold of adjudication for the reasons stated in this opinion, with instructions to the trial court to restructure the sentence in such a way as to impose a lawful sentence consistent with the lower court's clear and unequivocally articulated original sentencing goal, to withhold adjudication and place Jean-Charles on probation with special conditions, one of which will be credit for all time previously served. On cross-appeal, we affirm the trial court's conviction and sentence on the two conspiracy charges, without prejudice for Jene-Charles to raise the issue in a rule 3.850 motion.

Affirmed in part; reversed in part and remanded with instructions.