# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4528
_____

PETER FELIX ARMSTRONG,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Santa Rosa County.
John F. Simon, Judge.

February 18, 2019


PER CURIAM.

We agree with Appellant that the trial court should have corrected an illegal sentence. Appellant pleaded to DUI with property damage (count III), and leaving the scene of an accident involving unattended property (count IV). Following a jury trial, he was adjudicated guilty of DUI manslaughter (count I), and leaving the scene of an accident with property damage (count II). He was sentenced to fifteen years in prison on count I, time served on counts II and IV, and one year of probation on count III. The sentences on counts I and III were to run consecutively.

After Appellant had served four years on count I, the trial court granted Appellant's 3.850 motion and vacated his judgment and sentence as to count I alone. Appellant was released on bond,

and ordered to report to state probation for supervision on count III. He argues that he in fact served his probation on count III satisfactorily, as evidenced by a letter from the Department of Corrections stating exactly that, which Appellant filed with his motion to correct illegal sentence and filed again with his motion for rehearing of the trial court's order dismissing the original motion. Meanwhile, over a year after the lower tribunal vacated the judgment and sentence on count I, the State amended the information, essentially substituting a count of vehicular homicide for the DUI manslaughter count. Appellant pleaded nolo contendere to this new count in exchange for a sentence of over nine years in prison followed by five years on probation. However, in its Order of Probation, the court sentenced Appellant on count III to another year on probation.

The record reflects that Appellant began serving his sentence on count III the day the court vacated his judgment and sentence as to count I. He completed the probationary sentence on count III on February 28, 2017. He provided evidence of this in the form of a DOC letter, the authenticity and accuracy of which neither the State nor the trial court challenged. The trial court therefore improperly resentenced Appellant for count III three months after he completed his sentence, violating Appellant's right to be free from double jeopardy. U.S. Const. amend. V; Art. I, § 9, Fla. Const.; *Sneed v. State*, 749 So. 2d 545, 546 (Fla. 4th DCA 2000) (quoting *Palmer v. State*, 182 So. 2d 625, 626–27 (Fla. 4th DCA 1966)). On remand, the trial court should grant Appellant's motion to correct his illegal sentence and vacate his new sentence on count III.

REVERSED and REMANDED.

RAY, KELSEY, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Robert David Malove of the Law Office of Robert David Malove, P.A., Fort Lauderdale, for Appellant.

Ashley B. Moody, Attorney General; and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.